UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PIER 59 STUDIOS L.P.,

                           Plaintiff,                    Civil Action No. 16-cv-1910

    - against -

SPRING STUDIOS NEW YORK, LLC

                           Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, Pier 59 Studios LP, by and through its counsel, Mark L. Cortegiano, Esq., as and for its complaint against the defendant, SPRING STUDIOS NEW YORK, LLC, respectfully states and alleges as follows:

**Parties**

1. Plaintiff, Pier 59 Studios L.P. (hereinafter "Plaintiff" or "Pier 59 Studios"), is a limited partnership organized and existing under the laws of the State of Delaware, with a principal place of business at Pier 59, Chelsea Piers, New York, NY.

2. Upon information and belief, defendant, Spring Studios New York, LLC (hereinafter "Defendant" or "Spring Studios"), is a Delaware limited liability company with a principal place of business at 6 St Johns Lane, New York, New York. Upon information and belief, defendant Spring Studios displays some of its content on the website http://www.springstudios.com/.

**Jurisdiction and Venue**

3. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C § §1331(a)(1) because Plaintiff asserts claims arising under the Lanham Act 15 U.S.C.A. §1125.

4. Venue is proper in the United States District Court for the Eastern District of New

York pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the events giving rise to the claims asserted herein occurred in this district.

## Background Facts

5. Plaintiff, Pier 59 Studios is a photography and multimedia studio facility which operates from Pier 59 at Chelsea Piers.

6. With approximatly 100,000 square feet of studio space, Pier 59 Studios is the largest studio complex of its kind in the world.

7. Defendant Spring Studios advertises itself on its website as a photographic and film studio encompassing over 150,000 square feet of space at the premises located at 6 St Johns Lane, New York, New York (the "Premises").

8. Upon information and belief, defendant Spring Studios, in actuality, leases less than 31,000 square feet of total space at the Premises.

9. Upon information and belief, by erroneously claiming that defendant Spring Studios contains 150,000 square feet of studio space on its website, it is effectively misrepresenting to potential clients/the public that it is the largest photography and multimedia studio facility in the world.

10. The amount of "studio square footage" or "studio space" within a studio facility is commonly understood in the industry to be considered the actual space within the studio that is usable for actual shooting, and does not include ancillary facilities.

11. Upon information and belief, defendant Spring Studios erroneously advertises that each individual studio contains approximately 40-60% more usable studio space, or studio square footage than the studios actually contain.

12. Upon information and belief, by inflating the amount of square footage each

individual studio contains, defendant Spring Studios is also misleading potential clients/the public into believing that it charges a lower price per square foot to rent its studio space than it actually charges, and far less than what Pier 59 Studios charges.

13. Upon information and belief, by misrepresenting the actual square footage in each studio, defendant Spring Studios' website leads potential clients/the public to believe that they are only paying approximately $1.00 to $1.20 per square foot when in reality they are paying 40%-60% more than $1.00 - $1.20 a square foot because they are getting less square footage than is advertised.

14. Upon information and belief, defendant Spring Studios' misrepresentations lead its potential clients/the public into believing that they are paying substantially less per square foot for studio space at defendant Spring Studios than they would be paying at plaintiff Pier 59 Studios to rent its studio space.

15. Upon information and belief, defendant Spring Studios' falsely classifying itself as the largest photography and multimedia studio in the world and misrepresenting its fees is an attempt to lure potential clients away from using Plaintiff's studios.

16. Upon information and belief, defendant Spring Studios' misrepresentations about its size is a further attempt by defendant Spring Studios to falsely convince potential clients/the public to believe that defendant Spring Studios has the proper accommodations to rent out space for very large events, when in fact it does not have the proper accommodations to rent out large event space.

17. Upon information and belief, defendant Spring Studios' mischaracterization of its event space is an attempt to lure potential clients away from using Pier 59 Studios' event space to use defendant Spring Studios' own event space.

18. Upon information and belief, defendant Spring Studios has on a number of occasions made false claims to the public/its potential clients that it is the New York City "House of Fashion Week," which it is not.

19. Upon information and belief, defendant Spring Studios' misrepresentation as the New York City "House of Fashion Week" is an attempt on its part to lure potential clients away from plaintiff Pier 59 Studios to defendant Spring Studios.

20. Upon information and belief, defendant Spring Studios' certificate of occupancy allows for occupancy of 1,600 people.

21. Upon information and belief, defendant Spring Studios is mischaracterizing its facility as a photography studio because it cannot be feasibly used for the purpose of a photography studio where the photography equipment used inside its studios would pose a hazard if the studio ever did reach its maximum allowable capacity of 1,600 people.

22. Upon information and belief defendant Spring Studios' mischaracterization of itself as a photography studio is an attempt on its part to lure potential clients away from plaintiff Pier 59 Studios and to defendant Spring Studios.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Unfair Competition)

23. Plaintiff repeats and restates the allegations set forth in paragraphs "1" through "22" above as though fully set forth at length herein.

24. Defendant has unfairly competed with plaintiff Pier 59 Studios by intentionally misrepresenting that it is the New York City "House of Fashion Week" thus diverting potential business from plaintiff Pier 59 Studios by falsely leading the public to believe that Defendant is the premiere space and location for Fashion Week in New York City.

25. Defendant has further unfairly competed with plaintiff Pier 59 Studios by advertising that it has 150,000 square feet of studio space, and thus falsely and misleading advertising itself as the largest studio of its kind in the world thus diverting potential business from Pier 59 Studios, when Pier 59 Studios is in fact the largest studio of its kind in the world.

26. Defendant has further unfairly competed with plaintiff Pier 59 Studios by falsely advertising the square footage of each of its individual studios, and thus misrepresented the price per square foot that it charges its clients to rent studio space.

27. Defendant has unfairly competed with plaintiff Pier 59 Studios by falsely advertising its capacity to rent out event space thus luring away prospective business from Pier 59 Studios.

28. Defendant's acts were done knowingly and intentionally to cause confusion, or to deceive.

29. By reason of the foregoing, Pier 59 is entitled to injunctive relief under the New York common law and to an award of Defendant's profits.

30. Defendant's conduct has caused and will continue to cause irreparable injury to Pier 59 unless enjoined by this Court.

31. Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Lanham Act Violation)

32. Plaintiff repeats and restates the allegations set forth in paragraphs "1" through "31" above as though fully set forth at length herein.

33. Defendant's advertising, marketing and other materials used in interstate commerce contain at least one false or misleading description or representation of fact because

they convey the impression that Defendant is the largest photography studio of its kind which it is not, and misrepresent to the public that Defendant is the New York City "House of Fashion Week," which it is not.

34. Defendant's advertising, marketing and other materials used in interstate commerce contain at least one false or misleading description or representation of fact because they misrepresent the price per square foot that Defendant charges its clients to rent its studio space.

35. Defendant's activities constitute the use in commerce of false or misleading descriptions and/or misrepresentations of fact in connection with describing its studio services which in commercial advertising misrepresents the nature, characteristics or qualities of its services in violation of section 43(a) of the Lanham Act 15 U.S.C. § 1125(a).

36. Defendant has engaged and continues to engage in a willful and knowledgeable practice of false advertising with malicious and reckless disregard for the truth.

37. As a result of Defendant's actions, plaintiff Pier 59 Studios has incurred monetary damages in an amount presently unknown.

38. Plaintiff Pier 59 Studios may have no adequate remedy at law in the event monetary damages cannot be properly calculated.

39. Defendant's misrepresentations have caused irreparable injury to plaintiff Pier 59 Studios, and unless Defendant is restrained from making such misrepresentations by this Court, Defendant's misrepresentations will continue to be made and continue to cause injury to plaintiff Pier 59 Studios.

40. By reason of the foregoing, plaintiff Pier 59 Studios is entitled to permanent injunctive relief to prevent Defendant's false advertising.

41.     Plaintiff demands a trial by jury in this case.

**WHEREFORE**, plaintiff demands judgment against the defendant as follows:

a)     On the First Cause of Action, (1) permanently enjoining defendant from (i) advertising that they have studio space in any amount that is greater than 31,000 sq feet; and (ii) advertising that they are the New York City "House of Fashion Week"; (2) requiring defendant's advertisements to include accurate square footage for each studio; and (2) awarding Pier 59 Studios damages equal to Defendant's profits attributable to Defendant's unlawful conduct, in an amount to be determined at trial plus interest, costs, disbursement and attorney's fees; and such other and further relief as this Court deems just and proper.

b)     On the Second Cause of Action, 1) permanently enjoining defendant from (i) advertising that it has studio space in any amount that is greater than 31,000 sq feet; and (ii) advertising that defendant is the "House of Fashion Week"; and (2) awarding Pier 59 damages resulting from Defendant's unlawful conduct, in an amount to be determined at trial plus interest, costs, disbursement and attorney's fees; and such other and further relief as this Court deems just and proper.

Dated: Middle Village, NY  11379
       March 14, 2016

                                              /s/Mark L. Cortegiano
                                              Mark L. Cortegiano, Esq.
                                              65-12 69th Place
                                              Middle Village, NY 11379
                                              (718) 894-9500
                                              mark@cortegianolaw.com
                                              Attorney for Plaintiff